Dear Dr. Kleinpeter
This office is in receipt of your request for an opinion of the Attorney General in regard to Prison Enterprises providing products used by private sector contractors who are involved in prison expansions and new constructions on the parish level. You indicate many items produced and offered for sale by Prison Enterprises are procured by the contractors and installed during construction. Accordingly, you ask the following:
 Can Prison Enterprises sell goods to a private contractor who is building a correctional facility for a parish or other political subdivision, which will be owned and operated by the political subdivision?
As you note, R.S. 51:691 provides the following:
 No goods, wares or merchandise manufactured, in whole or in part, out of leather, iron, textiles, lumber or vegetable fibre, by convicts or prisoners, except convicts or prisoners on parole or probation, in Louisiana or in any state or district of the United States, shall be sold, or offered for sale in this state, by any person or by any state or political subdivision thereof. Nothing in this Part forbids the sale, exchange, or distribution of such goods to any institution supported in whole or in part by funds derived from public taxation and operated under the supervision of the United States, Louisiana or any other state of the Union, or any political subdivision thereof.
Therefore, we note that this statute makes an exception to the prohibition of the sale of goods manufactured by prisoners when the sale is to any institution funded from public taxes and operated by a political subdivision; and R.S. 15:1157 allows the secretary to enter into contracts with private entities or governmental agencies for the sale, purchase, or barter of commodities to effectuate the purpose of the statute. Consequently, we find these sales would fulfill the concept behind Prison Enterprise of selling goods and services to political subdivisions at the cost of production insofar as it would cut the cost of construction and the contract.
We do not feel contractors working under a contract with a political subdivision of the state to construct an institution funded from public taxes in accordance with specifications of the political subdivision should be prohibited from purchasing products produced and sold by a prison enterprise. These products must be sold at cost thereby ultimately saving public funds. While the sale would be to a contractor in the private sector, that contractor is building a prison expansion, and the costs are from public funds for a public institution. We feel this situation falls within the exception to the prohibition of sales of products manufactured by prisoners wherein sales are allowed "of such goods to any institution supported in whole or in part by funds derived from public taxation and operated under the supervision of the United States, Louisiana or any other state of the Union, or any political subdivision thereof."
Therefore, the sale of prison products is not prohibited when being sold to a contractor that is building a public institution pursuant to a contract with a political subdivision of the state, and the sale is for items connected with this construction. This reduces the cost of construction to the public entity.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR